JiON REHEARING
Before MARVIN, SEXTON, NORRIS, LINDSAY and VICTORY, JJ.
PER CURIAM.
The rehearing application of the defendants, Great Lakes Chemical Corporation, Max Henderson, and Old Republic Insurance Company is granted in part and denied in part.
Defendants-applicants have correctly observed that we inadvertently awarded past *308 medical expenses against them twice, once to the plaintiff Stapleton and once to the inter-venor Travelers, the plaintiffs employer’s worker’s compensation carrier. The record reflects that the total compensation benefits paid by the intervenor compensation insurer Travelers was $205,426.50. As we noted in our original opinion, $142,653.00 of this sum is the total amount of medical expenses paid by the intervenor-insurer. Because the plaintiffs fault was assessed by the Louisiana Supreme Court at 25 percent, the plaintiff Stapleton only recovered 75 percent of that amount, or $106,989.75. (The intervenor’s recovery was likewise reduced in our original opinion due to the comparative negligence of the employee. LSA-R.S. 23:1101(B); Chatelain v. Project Square 221, 505 So.2d 177 (La.App. 4th Cir.1987), writs denied, 508 So.2d 71, 74 (La.1987).) Therefore, only $106,989.75 of the judgment rendered in our original opinion represented medical expenses. This is, then, the amount by which plaintiffs judgment should be reduced.
Defendants-applicants have also correctly observed that in amending the trial court judgment to change the amount of benefits due from trial to the effective date of the judgment in paragraph 2 of the trial court judgment of April 11,1992, we inappropriately used the phrase “of all future compensation benefits.” This was error because the defendants-applicants as tort-feasors have no liability beyond the tort judgment. See LSA-R.S. 23:1103(A)(1). Therefore, it will be necessary to amend the judgment to delete that item.
Accordingly, paragraph two of the decree in our opinion of May 4, 1994, is amended to eliminate past medical expenses recovered by the plaintiff, Johnny Stapleton, in the amount of $106,989.75. Therefore, the judgment in favor of the plaintiff, Johnny Stapleton, and against defendants, Max Henderson, Great Lakes ^Chemical Corporation, Old Republic Insurance Company, in solido, is hereby decreed to be in the sum of $712,788.75 (rather than $819,778.50).
Further, paragraph one of the decree in our opinion of May 4, 1994, is amended to delete the second from last sentence of that paragraph which reads as follows:
Paragraph two of that judgment of intervention is amended to order defendants to pay intervenor 75 percent (75%) of all future compensation benefits (rather than 50 percent).
Accordingly, it is hereby ordered that the percentage in paragraph two of the trial court judgment of April 11, 1992, be and is hereby amended to seventy-five percent (75%) (rather than 50 percent).
In all other respects, the application for rehearing is denied.